IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:15-CR-46 |
| FREDDIE VANN, | ) | (REEVES / GUYTON) |
| RONALD PAUL RIDENOUR, | ) | |
| RICHARD KENNEDY, and | ) | |
| SHARON ARMES, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 5, 2015, for a scheduled pretrial conference and motion hearing on the Government's Motion to Declare Complex and Extended [Doc. 21], Defendant Kennedy's Motion for Extension of Time to File Pretrial Motions [Doc. 25], and Defendant Ridenour's Motion to Continue Trial Dates and Extend Deadlines [Doc. 44]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Charles A. Thomas represented Defendant Freddie Vann. Attorney Jim R. Williams participated by telephone on behalf of Defendant Ridenour. Attorney Jonathan S. Cave represented Defendant Kennedy, and Attorney Steven G. Shope appeared on behalf of Defendnat Sharon Armes. The Court excused [Doc. 22] all Defendants from appearing for this hearing.

The Court observes that the Government has asked [Doc. 20] this Court to declare the case to be complex for speedy trial purposes, although it does not ask that the trial be continued. The Government states that over one hundred defendants were indicted in twenty-eight related cases and that over one-third had not been arrested at the time it filed the motion on March 31, 2015.[1] It states that discovery is being disclosed in three phases: One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records. A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage.[2] The Government contends that by the time that discovery is fully disclosed under the schedule determined by the Court, defense counsel will have insufficient time to review the discovery and to prepare for trial. At the hearing, AUSA Stone requested an additional ninety (90) days to disclose discovery. He stated that one hundred (100) out of three hundred sixty (360) boxes of items seized pursuant to search warrants have been scanned but that it will take another sixty to seventy-five days to complete the scanning and disclose these materials to defense counsel. He stated that he did not realize that these seized items had to be submitted for scanning in groups of one hundred (100) boxes.

Defendant Ridenour's motion [Doc. 44] asks to continue the trial and to extend all deadlines in this case due to the voluminous discovery and his recent entry into the case. The

---

[1] In a similar motion filed in two related cases on May 4, 2015, the Government states that ten (10) percent of the defendants in the related cases have yet to be arrested. See United States v. Karen Drummond, et al, No. 3:15-CR-24, Doc. 28, and United States v. Andrea Osborne, et al, 3:15-CR-40, Doc. 16.

[2] The undersigned ordered [Doc. 11] that initial discovery was due on March 17, 2015. Discovery originally intended to be provided via the iCloud, but ultimately provided on hard drives [see Doc. 51-1], was due on April 7, 2015. Finally, discovery of recovered documents was due on May 4, 2015.

motion states that counsel needs additional time to meet with the Defendant, review discovery, interview witnesses, file motions, and assess alternatives to litigation in this case. Defendant Kennedy's motion [Doc. 25] agrees with the Government's request to declare the case complex and states that counsel needs more time to review discovery and to prepare and file pretrial motions. At the motion hearing, neither the Government, nor counsel for codefendants objected to the requests to continue the trial and all deadlines. Additionally, none of the Defendants objected to the Government's request that the case be declared complex. All parties agreed on a new trial date of March 29, 2016.

The Court finds Defendant Ridenour's motion to continue the trial to be unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the instant case involves seven Defendants,[3] who are charged [Doc. 2], along with numerous others in related cases, in a conspiracy to distribute oxycodone over two years and three months (Count One). The Defendants are also charged with conspiring to launder the proceeds of the drug conspiracy over the same time period (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving half a terabyte of information [see Doc. 21-1, Affidavit of Christopher G. English]. Disclosure of discovery is ongoing in phases and will not be completed until mid-August 2015. To require counsel to proceed to trial without the opportunity to review all of the discovery would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that the review of discovery cannot occur prior to the May 19 trial date. Accordingly, without a

---

[3] Two defendants remain sealed at this time, and Defendant Anthony Vann is no longer proceeding to trial.

continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government this case is complex for purposes of the Speedy Trial Act. This and the related cases involve over one hundred defendants. The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over twenty-seven months. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants in the related cases and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

The Defendants' joint oral motion to continue the trial is **GRANTED**, and the trial is reset to **March 29, 2016**. The Government's motion [**Doc. 21**] to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**. The Court also finds that all the time between the filing of Defendant Kennedy's motion on April 9, 2015, and the new trial date of March 29, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B). With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **August 14, 2015**. The deadline for filing pretrial motions is extended to **October 30, 2015**. Responses to motions are due on or before **November 30, 2015**. The deadline for concluding plea negotiations is **February 29, 2016**. This day is also the deadline for the Defendants to provide reciprocal discovery. The parties are to appear before the undersigned for a final pretrial conference on **March 8, 2016, at 1:00 p.m.** The Court instructs the parties that all motions *in*

4

*limine* must be filed no later than **March 14, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **March 18, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Ridenour's Motion to Continue Trial Date and Extend Deadlines [**Doc. 44**] is **GRANTED**;

(2) The Government's Motion to Declare Case Complex and Extended [**Doc. 21**] is **GRANTED**. The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **March 29, 2016**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(4) All time between the filing of Defendant Kennedy's motion on **April 9, 2015**, and the new trial date of **March 29, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **August 14, 2015**;

(6) Defendant Kennedy's Motion for Extension of Time to File Pretrial Motions [**Doc. 25**] is also **GRANTED**. Pretrial motions are due on or before **October 30, 2015**;

(7) Responses to motions are due on or before **November 30, 2015**;

(8) The deadline for concluding plea negotiations is **February 29, 2016**. This date is also the deadline for the provision of reciprocal discovery;

(9) The Court has set a final pretrial conference in this case on **March 8, 2016, at 1:00 p.m**;

(10) Motions *in limine* must be filed no later than **March 14, 2016**; and

(11) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 18, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge